IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 12-05005-01-CR-SW-RED |
| RORY WADDELL, ) | |
| ) | |
| Defendant. | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Suppress Evidence and Statements. [Document # 16]. The government has responded [Document # 17]. For the reasons set forth herein, it will be recommended that the Motion to Suppress be denied.

Defendant asserts that evidence and statements obtained as a result of a state search warrant executed on November 16, 2011, at 717 West B Street, Joplin, Missouri, should be suppressed. He contends that the search and seizure violated the Fourth Amendment because the search was not based on probable cause and was therefore unreasonable. It is also his position that suppression should not be denied based on the "good faith exception." He requests that the Court suppress, as fruit of the poisonous tree, any and all statements made by him after execution of the search warrant.

It is the government's position that the motion to suppress should be denied because the information contained in the affidavit regarding the informant's tip and description of the controlled buy of marijuana from the residence is sufficient to establish probable cause to search the residence.

Further, the government argues that the officers acted in good faith reliance upon the issuance of the warrant.

Defendant contends that the search warrant was issued without the requisite probable cause because there was no information in affidavit regarding the reliability of the informant. He asserts that there is nothing in the affidavit to support the veracity of the informant or the information provided. Additionally, he contends that law enforcement did nothing to verify any of the information contained in the affidavit, such as surveillance to determine if defendant lived there, or if there were frequent comings and goings of others. It is his position that there was no effort made to determine who owned the residence, whether defendant rented it, or if anyone else lived there. Defendant argues that the Eighth Circuit has upheld search warrant affidavits as providing sufficient probable cause where the police verified the accuracy of the confidential informant's descriptions through their own investigation, which was not done in this case. He states that "the controlling question is whether the [] affidavit contained specific, objective facts from which a reasonable person could conclude that the home at 717 West B Street, Joplin Missouri, contained contraband or evidence." [Defendant's Motion to Suppress, at 9]. Defendant contends that there is nothing in the affidavit to allow a neutral and detached magistrate to make an independent conclusion that the tip supplied by the confidential informant was reliable, or that defendant even lived at the house. Because he alleges that there was no effort made to verify anything the confidential informant stated, the affidavit fails to establish probable cause.

According to the affidavit in support of the search warrant in this case, between October 31 and November 8, 2011, the affiant was contacted by a reliable confidential informant, who advised the officer that narcotics could be purchased from a residence at 717 West B Street, Joplin. The affiant, Detective Seth Reineke of the Joplin Police Department, stated that he met the confidential

informant at a pre-determined location, searched the informant for illegal substances, and then provided the person with currency. The officer observed the informant go into the residence, and come out a short time later. The informant then provided the officer with marijuana. The officer stated that he again searched the informant for illegal substances, with negative results. The informant advised him "that Rory sold the narcotics to him/her. He/She advised Rory was selling marijuana from this location on a daily basis." [Affidavit of Detective Reineke]. The officer stated that he was "able to identify Rory C. Waddell 5-15-86 as the suspect." [Id.]. The affidavit was dated November 8, 2011. The search warrant for the residence was executed on November 16, 2011.

The law is clear that a warrant is supported by probable cause if, "given all the circumstances set forth in the affidavit . . ., including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability" that contraband or evidence of a crime will be found in the place to be searched. United States v. Edmiston, 46 F.3d 786, 789 (8th Cir. 1995), quoting Illinois v. Gates, 462 U.S. 213, 238 (1983). Affidavits should be read in a "common-sense and realistic fashion" and judges must make a practical decision based on the totality of the circumstances. United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (citation omitted). In determining for suppression purposes the validity of a warrant, the court must determine whether there was a "substantial basis" for the probable cause determination. Gates, 462 U.S. at 238. Probable cause may be based on hearsay from a reliable source, and anonymous information that can be independently corroborated may form a probable cause basis. Id. at 244-45. "When we review the sufficiency of an affidavit supporting a search warrant, great deference is accorded the issuing judicial officer." U.S. v. Fulgham, 143 F.3d 399, 400-01 (8th Cir. 1998) (citation omitted).

In the instant case, the information provided by the affiant included the fact that a reliable

confidential information contacted him, and advised the officer that the informant could buy marijuana from the occupant of 717 West B Street. Such a tip can be sufficient to establish probable cause if the informant has a record of reliability or if the tip is corroborated by independent evidence. See e.g., United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993); United States v. Gabrio, 295 F.3d 880, 882 (8th Cir. 2002). Although the officer only summarily stated that the confidential informant was reliable, the evidence establishes that the officer corroborated the tip by independent evidence. He met the informant in person, searched him or her for illegal substances and found none, provided the individual with currency, and watched the informant go into the residence in question. When the confidential informant came out of the residence a few minutes later, the officer obtained the purchased drugs from the informant, once again searched to make sure there were no illegal substances on the person, and learned that the informant said he bought the drugs from "Rory," who sold marijuana from that residence on a daily basis. The officer stated that he then was able to identify defendant as the suspect.

The law is clear that such corroboration of an informant's tip that drug sales were occurring at the residence by a controlled buy is sufficient to establish probable cause. See e.g., United States v. Hart, 544 F.3d 911, (8th Cir. 2008); United States v. Pennington, 287 F.3d 739, 742 (8th Cir. 2002). It is apparent that in this case the information was timely, was based on the informant's first-hand observations, and was independently corroborated by the controlled buy. While defendant asserts that there was no evidence that he even lived at the house, it is clear that there was probable cause to support the search of the residence. The information in the affidavit was sufficient to show the commission of a crime at the residence, and the likelihood that evidence of ongoing criminal activity would be located at the residence.

Having fully reviewed the search warrant and affidavit in question, the relevant case law, and

the arguments of the parties, the Court finds that based on the four corners of the affidavit and application for search warrant, and the totality of the circumstances, there were sufficient facts to support an objectively reasonable belief that probable cause existed to search the residence at 717 West B Street.

Even if this were not the case, however, United States v. Leon, 468 U.S. 897, 920 (1984), would apply because it is clear that Detective Reineke acted in objective good faith. "Under the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007). Based on a full review of the record, the Court finds that Detective Reineke reasonably relied in good faith on the validity of the search warrant.

It will therefore be recommended that the motion to suppress based on an alleged unlawful search be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Suppress Evidence and Statements obtained as a result of the search conducted on November 16, 2011, be denied.

/s/ James C. England  
JAMES C. ENGLAND  
United States Magistrate Judge

Date: 5/18/12